Benjamin Brenner, J.
The patients herein identified for the record as cases 1 to 19, inclusive, and 54 are aged individuals who have been described by the examining doctors at Kings County Hospital as violent or aggressive and definitely psychotic. They need more than custodial care and must, therefore, be treated as patients truly mentally ill. A few of them are completely homeless and without friends or relatives. These aged persons are all certified to the various State mental institutions named in their individual certification papers.
The patient identified for the record as case 52 is an aged senile who, with the consent of her family, will be returned to her home in their care and custody. The petition for her certification has, therefore, been withdrawn and she is forthwith discharged in such custody. The court has been informed that the patient identified in the record as case 56 is an aged patient who has just died. The petition for her certification is also withdrawn.
The remaining patients identified for the record as cases 51, 53, 55 and 57 through 62, inclusive, are aged persons who require custodial care only. They are all arteriosclerotic whose psychotic reactions are either mild or nonexistent. As I have often indicated, aged patients in this category do not deserve to be sent to mental institutions and that to do so would be both unconscionable and immoral. (See Editorial, N. T. L. J., Jan. 29, 1958, p. 4, col. 1; Matter of “ Jones ”, 9 Misc 2d 1084; Matter of Anonymous No. 13, 6 Misc 2d 596; Matter of Anonymous No. 1 to No. 12, 206 Misc. 909.) I, therefore, cannot in good conscience certify them to State mental institutions. They deserve to go to general hospitals where they can receive treatments by specialists equipped with geriatric techniques and *867 where their custodial care may be assured, if their relatives cannot provide it.
It seems scandalous to me that senile aged continue to be sent to mental institutions when they belong in hospitals for the aged. This is an especially pernicious practice because, as already repeatedly stated, at little or no cost portions of existing State mental institutions, whose beds are already largely occupied by the aged, may readily be renamed as State hospitals for the aged, and geriatric procedures there instituted for their custody, care and treatment.
While much may have been done to rehabilitate the ambulatory aged, very little, if anything, has been done for those who require hospitalization. Here, in Kings County, a mere token city hospitalization program for the in-patient senile aged has been begun. Unfortunately, even this facility, namely the old building at Coney Island Hospital, though intended to accommodate 283 patients, has been made available to but 18 thus far. Hence, more than a thousand nonpsychotic, unwanted seniles, yearly processed at Kings County Hospital, continue to be transferred to hospitals for the insane for their custodial care.
For the reasons indicated, I find these nine patients not to be mentally ill and decline to certify them to mental institutions. Orders to that effect have been signed.